IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2008

No. 07-40271
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

       Plaintiff-Appellee

v.

ALLEN COOPER

       Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
(06-CR-122)

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

  Defendant Allen Cooper appeals his conviction of conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Finding no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

At trial, the government relied primarily on the testimony of cooperating co-conspirators, Andrew Mills and Renato Madrigal. Their testimony was corroborated by wiretap evidence, tape recordings, pen registers and other testimony.

Allen Cooper was a truck driver for a nationwide trucking company. The government presented evidence that Cooper was part of a conspiracy headed by three brothers, Hector, Renato and Miguel Madrigal, to drive marijuana along with the trucking company's legitimate loads. A dispatcher for the company had previously arranged for transportation of the drugs by the company's drivers. When he left the company, Renato decided to step up in the drug trafficking organization by filling the void. He recruited his brothers to help. Renato's job was to recruit drivers. He recruited Cooper as a driver on the assumption that Cooper had been driving for the former dispatcher. Renato testified that Cooper drove six loads of marijuana between 2003 and 2004 for Renato and the organization; two 500 pound loads to Raleigh, North Carolina, one 750 pound load and one 550 pound load to Atlanta, one 1,000 pound load to Chicago, and a 200 to 300 pound load to Dallas. Cooper received $100 per pound transported.

Cooper introduced Mills to Renato and his brothers as a prospective driver. Cooper vouched for Mills trustworthiness and accompanied Mills on his first run to Chicago. After Mills successful first run, he was assigned a second load of marijuana in May 2003. Because the government had the organization under surveillance, the government anticipated that a load was to be transported by Mills. Helicopter surveillance observed Mill's tractor trailer and a green SUV rendevous at a gas station. The helicoptor followed the tractor trailer to a warehouse area, where marijuana was loaded in the truck. As Mills left the warehouse and drove onto Interstate 35 North, he was stopped by state police. A drug sniffing dog was called to the scene and the marijuana bundles were

discovered. Mills was later apprehended again in July 2006 with another 433 pound load of marijuana near El Paso, Texas.

The above testimonial evidence was supported by the admission of taped conversations involving two of the Madrigal brothers and included a conversation with Cooper about transporting drugs to Chicago. The testimony was also supported by evidence of phone calls between Cooper , Renato, Hector and Mills.

Over the objection of the defense, the district court allowed the government to admit evidence under Fed. R. Evid. 404(b) of a seizure in January 2006 of a load of marijuana from a truck driver named Efrem Holloway. Holloway testified that Cooper had recruited him to transport the load for a supplier named "E" and his brother "Al." Holloway paid Cooper a percentage of his earnings from successful drug transport runs.

II.

Cooper argues first that the district court erred in admitting the above described evidence under Rule 404(b). Under the rule, evidence of prior crimes is not admissible in criminal cases unless it is relevant to an issue other than the defendant's character or his propensity to act in accordance with that character. The incremental probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice to the defendant. United States v. Jones, 484 F.3d 783, 786 (5th Cir. 2007). Other acts evidence can be admitted to show the defendant's intent, which is at issue in every conspiracy case. United States v. Pompa, 434 F.3d 800, 805 (5th Cir. 2005). "As long as it is clear to the jury that the extrinsic evidence . . . is presented only to show modus operandi to prove knowledge and intent, there is little danger that presentation of the extrinsic evidence will cause unfair prejudice . . ." United States v. Nyugen, 504 F.3d 561, 574-75 (5th Cir. 2007)(quoting United States v. Williams, 900 F.2d 823, 827 (5th Cir. 2007)), cert. denied, 128 S.Ct. 1324 (2008).

In this case, extrinsic evidence that Cooper recruited Holloway to transport marijuana from Laredo to places north presents the identical modus operandi as the facts of this case in which Cooper recruited Mills to make the same types of runs.  It also served to negate Cooper's claim that he was innocently involved in the drug transport scheme.  In addition, the district court carefully instructed the jury of the limited uses of the evidence, both when it was presented and in the final charge.  The district court did not abuse its discretion by admitting this evidence, even under the heightened standard applicable to criminal cases.  United States v. Hernandez-Guevara, 162 F.3d 863, 869-70 (5th Cir. 1998); United States v. Fox, 69 F.3d 15, 20 (5th Cir. 1995).

### III.

Cooper argues next that the trial court made improper comments concerning the evidence that influenced the jury's decision and affected Cooper's right to a fair trial.  Cooper identifies six instances in which he claims the district court strayed from his neutral role, vouching for the government's evidence and relieving the jury of its duty to deliberate concerning the existence of a conspiracy.  Reading the district court's comments in context, it is clear that they do not have the effect claimed by the defense.  The district court described the concept of conspiracy in the context of the facts of this case.  He repeatedly admonished the jury that it was their job to decide which witnesses to believe and to decide whether Cooper was a member of the conspiracy. Curative instructions also informed the jury that the judge's comments were not evidence in the case.  The comments by the district court were not improper, did not prejudice Cooper's case or deny him a fair trial.  United States v. Wallace, 32 F.3d 921, 928 (5th Cir. 1994); United States v. Adkins, 741 F.2d 744, 747 (5th Cir. 1984).

IV.

Cooper finally claims that the government failed to present sufficient evidence to sustain his conviction for conspiracy to convict with intent to distribute. We review the evidence and inferences drawn therefrom in the light most favorable to the jury's guilty verdict and ask whether a rational jury could have found the defendant guilty beyond a reasonable doubt. United States v. Burton, 126 F.3d 666, 669 (5th Cir. 1997). To prove a conspiracy to possess and distribute marijuana, the government must show (1) an agreement between two or more people to violate the narcotics laws; (2) the defendant's knowledge of the agreement; and (3) his voluntary participation in the conspiracy. United States v. Valdez, 453 F.3d 252, 256-57 (5th Cir. 2006). The evidence described above is clearly sufficient to establish that Cooper was part of a conspiracy with the Madrigal brothers and Mills to transport drugs. The jury was entitled to find that he knew of the agreement and participated in it, as evidenced by his recruitment of Mills to participate in the scheme. The jury clearly believed the testimony of Renato Madrigal and Mills. Cooper's conviction stands.

V.

For the foregoing reasons, Cooper's conviction is AFFIRMED.